DECISION.
Defendant-appellant, Antwan Haslon, appeals the judgment of the Hamilton County Municipal Court convicting him, following a no-contest plea, of driving under the influence of alcohol in violation of R.C.4511.19(A)(6). In his sole assignment of error, he contends that the lower court erred in denying his motion to suppress. We disagree.
At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility.[1] Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.[2] Accepting those properly supported facts as true, we must then independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard.[3]
An investigatory stop of a car is lawful under the Fourth Amendment where an officer has a reasonable, articulable suspicion that a motorist is or has recently been engaged in illegal activity.[4] If, during the course of a lawful stop, there is a reasonable, articulable suspicion that further criminal activity is occurring, a police officer is justified in conducting further investigation.[5]
Haslon makes two arguments under his assignment of error, both involving the claim that the initial stop was unconstitutional, and, therefore, that all evidence obtained following that stop should have been suppressed. In his first argument, Haslon contends that the officer lacked reasonable suspicion based on articulable facts to make the initial traffic stop. Haslon was cited for failing to signal before making a right turn under Cincinnati Municipal Code 506-80, which only requires a motorist to signal before turning if other traffic would be affected. Haslon maintains that the "other traffic" in this case, the police cruiser, would not have been affected by his turn. After a review of the record, we conclude that there was competent, credible evidence to support the trial court's finding that traffic would have been affected by Haslon's failure to signal prior to turning. The police officer and Haslon's passenger testified that, though there was some variance in distance, the police cruiser was never more than thirty yards behind Haslon's vehicle. Notably, Haslon testified that the police cruiser maintained a distance of about five feet from his car. Accordingly, the evidence demonstrated that a turn signal would have been required due to the proximity of another vehicle. Thus, Haslon's failure to activate his signal provided reasonable, articulable suspicion for the police officer to make the initial stop.[6]
In his second argument, Haslon maintains that the stop was unconstitutional because the police officer used the minor traffic violation as a pretext to search for unspecified criminal activity. Haslon relies on the fact that the officer, who had initially been traveling in the opposite direction, made a U-turn for "no apparent reason" after passing Haslon and began to follow his vehicle. We first note that an officer does not have to provide a reason for changing his or her course of travel. Further, the officer here had a right to be where he was, behind Haslon's car. With that established, the Ohio Supreme Court has held that where a police officer has an articulable, reasonable suspicion or probable cause to stop a motorist for a criminal violation, including a minor traffic violation, the stop is constitutionally valid "even if the officer ha[s] some ulterior motive for making the stop, such as a suspicion that the violator [i]s engaging in more nefarious criminal activity."[7] Accordingly, it was irrelevant if the officer had at first unreasonably suspected Haslon of criminal activity, because the officer did not effectuate a stop until he had reasonable grounds, after observing a minor traffic violation, to do so.
We conclude that there was competent, credible evidence to support the finding that Haslon had committed a minor traffic violation. The police officer testified that Haslon had failed to signal before turning. Though Haslon and his stepfather, a passenger in Haslon's car, testified that Haslon did activate his turn signal, the trial court had the discretion to find the officer's testimony more credible. Therefore, as the officer had witnessed a minor traffic violation, he had appropriate grounds to initially stop Haslon's vehicle and to conduct any further investigation reasonably warranted by the evidence discovered during that stop.
Our review of the record convinces us that the trial court's decision was supported by competent, credible evidence and was not contrary to law. Accordingly, the lower court did not erroneously deny the motion to suppress evidence, and its judgment is therefore affirmed.
 _________________ Hildebrandt, Judge.
 Doan, P.J., and Shannon, J., concur.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See, e.g., State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972, 982, citing State v. Fanning (1982), 1 Ohio St.3d 19,20, 437 N.E.2d 583; State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141.
[2] State v. Guysinger (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726,727.
[3] Ornelas v. United States (1996), 517 U.S. 690, 116 S.Ct. 1657;State v. Klein (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141.
[4] See Delaware v. Prouse (1972), 440 U.S. 648, 99 S.Ct. 1391;Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
[5] State v. Retherford (1994), 93 Ohio App.3d 586, 600, 639 N.E.2d 498,507.
[6] Regardless of whether traffic would have been affected by Haslon's failure to signal before the turn, the officer would have still had justification to make the stop, as Haslon concedes, because it is a violation of R.C. 4511.39 to fail to signal before any turn.
[7] See Dayton v. Erickson (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091, syllabus.